IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICHARD A. JOLLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-064-SLR |
| | ) |
| STATE OF DELAWARE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ___ day of April, 2013, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), for the reasons that follow:

1. **Background.** Plaintiff, who resides in New Castle, Delaware, proceeds pro se and has been granted leave to proceed in forma pauperis. He alleges discrimination against handicapped people of all races "since 1985." (D.I. 2) He also checked the box for discrimination based upon religion. (*Id.* at ¶ 10.)

2. **Standard of review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally

construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to

"[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff alleges that for years he tried to get help and was refused. Then he suffered a heart attack and spent three weeks in a coma. Handicapped programs came in, apparently offered assistance, but plaintiff refused housing and medical. Now, plaintiff has a cerebral aneurysm that "may pop any time," he is losing his house, and he does not qualify for programs. While not clear, plaintiff seems to allege that an individual named Tobin in long term care stated that plaintiff is

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

3

faking and he sent an email to all hearing officers. For relief plaintiff asks: "Freeze all Section 8 and housing, state, city and county accounts even police (they can walk) no pay to anyone for at least twenty year. No credit cards."

7. A pleading setting forth a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. However, a court should dismiss a case, "if a *pro se* complaint is so confusing or unintelligible that no party could possibly understand or reply to it." *Cole v. Commonwealth Federal*, 1994 WL 618464, at *1 (E.D. Pa. 1994) (citing *King v. Fayette County*, 92 F.R.D. 457, 458 (W.D. Pa.1981); *Brown v. Califano*, 75 F.R.D. 497 (D.D.C. 1977). The complaint is legally unintelligible in that makes no factual allegations, does not name the individuals or agencies who allegedly discriminated against plaintiff, appears to be time-barred, and the legal theory lacks an arguable basis in law. *See Troxelle v. United States*, 319 F. App'x 176, 178 (3d Cir. 2009) (unpublished) (citing *Neitzke v. Williams*, 490 U.S. at 327).

8. Plaintiff's complaint does not show that he is entitled to relief. Even given the latitude accorded *pro se* pleadings, the filing is so devoid of any possible merit as to be frivolous. Therefore, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

9. **Conclusion.** For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Amendment of the complaint is futile. The clerk of court is directed to close the case.

_____
UNITED STATES DISTRICT JUDGE